FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00271-BNB

NYAHUMA K. MACHARIA,

    Plaintiff,

v.

SUSAN B. DAMOUR, Regional Administrator,
CHUCK JOHNSON, Project Manager, and
SARAH C. HUDDLE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Nyahuma K. Macharia, initiated this action on February 2, 2011, by filing *pro se* a complaint and motion for leave to proceed under 28 U.S.C. § 1915. On February 16, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Macharia to cure certain deficiencies in this action within thirty days, including to file an amended complaint on the proper, Court-approved form and to sign the complaint. On March 15, 2011, Mr. Macharia filed a signed amended complaint and amended § 1915 motion and affidavit. On March 18, 2011, Mr. Macharia was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Macharia's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Macharia will be directed to file a second and final amended complaint.

Although Mr. Macharia uses the first and sixth pages of the Court-approved form to file his amended complaint, he fails to use pages two through five and, as a result, he fails to assert jurisdiction for this action, other than to make a brief reference to the "ADA" (Americans With Disabilities Act) on page three of the amended complaint. In addition, Mr. Macharia fails to assert specific claims, providing instead a general background for his complaint. Lastly, Mr. Macharia uses acronyms throughout the amended complaint, such as "PTAC," "DAV," "GSA," and "ADA," apparently assuming that the Court and Defendants understand the meaning of each acronym. If Mr. Macharia wishes to use acronyms, he must specify, on first reference, the name represented by each acronym.

The second and final amended complaint that Mr. Macharia will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022

(10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, Mr. Macharia will be directed to file a second and final amended complaint on the Court-approved complaint form that sets forth the basis for this Court's jurisdiction, states his claims in a simple and concise manner, and provides factual allegations to support each claim.

Accordingly, it is

ORDERED that Plaintiff, Nyahuma K. Macharia, file **within thirty days from the date of this order** a second and final amended complaint that complies with the instant order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Macharia, together with a copy of this order, two copies of a Court-approved complaint form, one of which

is to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that if Mr. Macharia fails, within the time allowed, to file a second and final amended prisoner complaint that complies with this order, the amended complaint and the action will be dismissed without further notice.

DATED April 14, 2011, at Denver, Colorado.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00271-BNB

Nyahuma K Macharia
19152 E Garden Place
Centennial, CO 80015

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on April 14, 2011.

                              GREGORY C. LANGHAM, CLERK

                         By: _____
                                  Deputy Clerk